## In re WONG TUNG FOOK.

### No. 4212.

District Court, D. Massachusetts.

April 29, 1930.

Everett F. Damon, of Boston, Mass., for petitioner.

Frederick H. Tarr, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass.

MORTON, District Judge.

If the petitioner's claim to citizenship is more than merely colorable, he is entitled to a judicial determination of the question. See Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938. See, too, Riley v. Howes (C. C. A.) 24 F.(2d) 686, and Lum Man Shing v. United States (C. C. A.) 29 F.(2d) 500.

The first question is whether his claim is of this character. It had been accepted by the immigration officials on the admittance proceeding. It was supported in effect by the testimony of three witnesses, none of whom is directly contradicted or seriously impeached by inconsistent statements. This being so, the petitioner's contention, whether well founded or not, is much more than merely colorable. He is entitled to a judicial hearing on the question presented by the deportation proceeding. I may add that on another ground also he is entitled to such a hearing; i. e. the immigration authorities acted either under a complete misunderstanding of what constitutes a colorable claim, or with great and inexcusable unfairness.

I pass then to the merits of the case. It presents a pure question of identification, whether the petitioner is the sailor who was deported in 1924 on proceedings instituted in the fall of 1921. Ng Dek Foon, the government interpreter, says he is the same man. So does Inspector Fitzgerald; although I do not attach much weight to Fitzgerald's testimony, which was too swift and overpressed

to carry conviction. Standing alone, the testimony of these witnesses seems to me not sufficient to base a deportation order on it.

But it does not stand alone; it is to be considered in connecion with the description of the sailor Jung Sang, and how he compares with the petitioner. They are about the same height, and the photograph attached to the seaman's papers bears a striking resemblance to the petitioner. The sailor Jung Sang had two false front teeth supported on a bridge by gold crowns on the side teeth, a very uncommon arrangement. The petitioner has the same thing.

So we have (1) the direct identification by the Chinese interpreter and by Inspector Fitzgerald as Jung Sang; (2) striking resemblance in features, including the ears; (3) the really extraordinary coincidence as to the work on the teeth; and (4) no significant dissimilarities.

Against this there is the direct testimony of the petitioner and of his alleged father and of Yee Bow Lung. As to the last-named witness, he impressed me strongly as being truthful; but it is by no means impossible that he is mistaken. He saw Wong Bing's son only once, nine years ago in China, under circumstances not calculated to focus attention on his personal appearance. He admits that he is a friend of the alleged father, and he may very well have yielded to the father's assurances that the petitioner is the person whom he (Lung) saw in China. The testimony of Wong Bing, the alleged father, had no distinct appearance of fabrication; nor did it, on the other hand, have that indefinable quality which carries conviction of truth and accuracy. The same comment applies to the testimony of the petitioner himself.

The overwhelming weight of the evidence is that the petitioner and Jung Sang are the same person. Jung Sang was in this country at the time when Yee Bow Lung saw the son of Wong Bing in China. There is no possibility that the petitioner first came to this country as Jung Sang, and, after having been deported to China, is endeavoring to return here legally. At the beginning of the hearing I intimated my opinion that, in the case of a person resident in this country and making a real claim to citizenship, the burden of proof is upon the government to show that he is not entitled to remain here. In the present case this burden has been fully sustained.

There must be an order discharging the writ and remanding the petitioner.